# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANTONIO HEAD, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| POLYSTONE CREATIONS INC. AKA ) | |
| POLYSTONE CREATIONS LLC ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Antonio Head ("Plaintiff" or "Mr. Head") submits the following Complaint against Defendant PolyStone Creations Inc. a/k/a PolyStone LLC ("PolyStone" or "Defendant Employer").

## INTRODUCTION

Throughout Plaintiff's employment with Defendant Employer, he was harassed and treated less favorably than similarly situated non-African American Employees. Further, after complaints of race discrimination, he was retaliated against including, but not limited to being expressly terminated for hiring an attorney and sending a demand letter complaining about discrimination. Accordingly, Mr. Head brings this action against Defendant Employer for race discrimination and retaliation in violation of 42 USC Section 1981 ("Section 1981") and in violation of

Title VII of the Civil Rights Act of 1964, as amended. Mr. Head seeks back pay, front pay, injunctive relief, compensatory damages, punitive damages, and nominal damages as well as attorney's fees and costs against Defendant.

## JURISDICTION AND VENUE

1. Mr. Head's claims present federal questions over which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 42 U.S.C. §2000e *et seq*.

2. This Court is an appropriate venue for all of Mr. Head's claims under 28 U.S.C. § 1391(b) and (c) because all of the parties reside within the Northern District of Georgia, and the substantial majority of events giving rise to Mr. Head's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

3. Mr. Head timely filed a Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein is "**Exhibit A**".

4. The EEOC issued Mr. Head his notice of right to sue. Attached hereto and incorporated herein is "**Exhibit B**".

5. Plaintiff has exhausted his administrative remedies prerequisite to filing this suit pursuant to Title VII.

6. Plaintiff has commenced this action within 90 days of his receipt of the right to sue letter.

## PARTIES

7. Plaintiff is a citizen of the United States and a resident of the state of Georgia.

8. Defendant Employer is a registered Limited Liability Company ("LLC") in Georgia. (See "**Exhibit C**")

9. Despite Defendant Employer being registered as an LLC, Defendant Employer paid Plaintiff under the name PolyStone Creations Inc. (See "**Exhibit D**")

10. PolyStone Creations Inc. is not a corporation registered with the Secretary of State to do business in GA.

11. Upon information and belief, PolyStone Creations Inc. and PolyStone Creations LLC are the same legal entity.

12. Defendant Employer transacts business in the Northern District of Georgia.

13. Defendant Employer is subject to this Court's jurisdiction and may be served with process at:

> **Briskin Corporate Services, Inc.**
> **33 South Main Street, Suite 300,**
> **Alpharetta, GA, 30009**

## FACTUAL ALLEGATIONS

14. Plaintiff's race is African American.

15. Defendant Employer's management team is largely or exclusively white.

16. Defendant Employer employed fifteen or more employees for each working day in each of twenty or more calendar weeks throughout 2019 and 2020.

17. Defendant Employer is subject to the anti-discrimination and anti-retaliation provisions of both Section 1981 and Title VII of the Civil Rights Act of 1964, as amended.

18. Mr. Head began working for PolyStone in July 2019.

19. Throughout his tenure with PolyStone, Mr. Head has been a hard-working employee who diligently performed his duties on a regular basis.

20. PolyStone has subjected Mr. Head to a pattern of discrimination and retaliation.

21. For example, in February 2020, a colleague called Mr. Head a "colored boy" on multiple occasions.

22. Mr. Head complained to upper management and Human Resources about the conduct, but no remedial action was taken, even after the colleague admitted to making the comments.

23. By way of further example, in April 2020, PolyStone began to assign Mr. Head less hours than his similarly situated peers.

24. Mr. Head complained to HR about the disparate treatment, but again remedial action was not taken.

25. In May 2020, Mr. Head was furloughed along with other employees.

26. However, when Mr. Head returned to work in September 2020, the retaliation continued.

27. For example, on or about September 11, 2020. Mr. Head was supposed to be training under a new supervisor.

28. Instead of training him, the supervisor forced Mr. Head to clean for the entire day.

29. On or about September 14, 2020, the supervisor that was supposed to train Mr. Head did not report to work, and he failed to inform Mr. Head. This led Mr. Head to report to work and have no direction.

30. Mr. Head again complained of race discrimination and retaliation to HR.

31. Rather than address his complaints. Mr. Head was subject to a retaliatory write-up on or about September 21, 2020. (See "**Exhibit E**" Conditional Offer of Reinstatement).

32. Mr. Head satisfied all conditions for his reinstatement, and was ready and willing to start back to work.

33. On September 23, 2020, shortly after receipt of the write up, Mr. Head hired an attorney who promptly wrote a letter to Defendant Employer alleging race discrimination and retaliation. (See "**Exhibit F**").

34. On September 28, 2020, after receipt of Plaintiff's attorney's letter Defendant Employer emailed Plaintiff and informed him that he was terminated. Specifically, the email said, "[g]iven the letter we received today from your attorney, we will have no further engagement."  (See **Exhibit G**").

35. Plaintiff was terminated on September 28, 2020 in retaliation for his complaints of race discrimination.

36. On October 2, 2020 Defendant Employer responded to Plaintiff's attorney's letter.  (See "**Exhibit H**"). Within this response letter Defendant Employer stated, "based on … the claims outlined in your letter dated September 23rd (referring to **Exhibit F**) it is obvious that Mr. Head has taken no responsibility for his inappropriate actions and is now making extremely erroneous and un-substantiated claims against PolyStone."

## FIRST AND SECOND CAUSES OF ACTION: RACE-BASED DISCRIMINATION IN VIOLATION OF TITLE VII AND SECTION 1981 BOTH DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT

37. Plaintiff incorporates by reference the paragraphs above, as if fully set forth herein.

38. Plaintiff is a member of a protected group (African American).

39. Plaintiff was employed by Defendant Employer.

40. Plaintiff was qualified for the position he held.

41. As detailed above, Plaintiff was subjected to both disparate treatment and a hostile work environment based on his race.

42. This unwelcome disparate treatment and racial harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment and/or to create a hostile working environment.

43. Defendant Employer knew or should have known of the hostile work environment that existed at Plaintiff's place of employment and the disparate treatment of African American employees in comparison to the non-African American employees.

44. Defendant Employer's employees failed to take prompt and appropriate remedial measures to stop the discrimination.

45. Plaintiff suffered damages as a result of this discrimination.

46. As a direct and proximate result of Defendant Employer's above-mentioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished employment opportunities and emotional distress, including but not limited to outrage, shock and humiliation.

### THIRD CAUSE OF ACTION
### RETALIATION IN VIOLATION OF BOTH
### TITLE VII AND SECTION 1981

47. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

48. Mr. Head engaged in protected activity under both Title VII and Section 1981 by repeatedly complaining of race discrimination and retaliation to Defendant Employer.

49. Mr. Head was written up and terminated in retaliation for engaging in protected activity.

50. Defendant Employer's actions constitute unlawful retaliation in violation of both Title VII of the Civil Rights Act, as amended and 1981 as amended.

51. Defendant Employer willfully and wantonly disregarded Mr. Head's rights and Defendant Employer's retaliation against Mr. Head was undertaken intentionally and in bad faith.

52. As a result of Defendant Employer's unlawful actions, Mr. Head has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

## FORTH CAUSE OF ACTION:
## NEGLIGENT SUPERVISION/ RETENTION

53. Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

54. Defendant Employer knew that Plaintiff was being discriminated against because he engaged in protected activity.

55. Despite this knowledge, Defendant Employer failed to take prompt and appropriate remedial steps to protect Plaintiff from further discrimination and retaliation.

56. As a result of Defendant Employer's negligent retention and/or supervision, Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a) a declaratory judgment that Defendant Employer has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act, as amended;

(b) an injunction prohibiting Defendant Employer from engaging in unlawful employment practices in violation of Title VII of the Civil Rights Act;

(c) full back pay from the date of Plaintiff's retaliatory termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e) compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f) punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its conduct toward Plaintiff and deter it from similar conduct in the future;

(g) nominal damages;

(h) reasonable attorney's fees and costs; and

(i) other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of July, 2021.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorney for Plaintiff

THE MIXON LAW FIRM
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039